# *United States District Court*

### Southern District of Indiana
### INDIANAPOLIS DIVISION

| | |
|---|---|
| PROPERTY-OWNERS INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) CASE NO: |
| WAL-MART STORES EAST, L.P., WAL-MART REAL ESTATE BUSINESS TRUST, WAL-MART STORES EAST, INC., and WAL-MART STORES, INC., | ) ) ) ) ) |
| Defendants. | ) ) |

**1 : 18 -cv- 0 304 RLY -DML**

## PROPERTY-OWNERS INSURANCE COMPANY'S COMPLAINT FOR DECLARATORY JUDGMENT

Comes now Property-Owners Insurance Company (hereinafter "Property-Owners"), by counsel, and for its Complaint for Declaratory Judgment against defendants, Wal-Mart Stores East, L.P., Wal-Mart Real Estate Business Trust, Wal-Mart Stores East, Inc., and Wal-Mart Stores, Inc. (collectively "Wal-Mart Defendants") states as follows:

### I. NATURE OF ACTION

1.      This is an action for declaratory judgment pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. 2201, for the purposes of determining a question of actual controversy between the parties involving insurance coverage.

### II. JURISDICTION AND VENUE

2.      Pursuant to 28 U.S.C. 1332 (a)(1), the district courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.

3.     Plaintiff, Property-Owners Insurance Company, is a domestic insurance corporation which is a citizen of the State of Indiana, is incorporated in the State of Indiana and is an insurance company with its principal place of business located in Marion, Indiana.

4.     Defendant, Wal-Mart Stores East, L.P. is a foreign limited partnership and is a citizen of the State of Delaware, with principle office address of 702 SW 8th Street, Bentonville, AR 72716.

5.     Defendant, Wal-Mart Real Estate Business Trust is a foreign limited partnership and is a citizen of the State of Delaware, with principle office address of 702 SW 8th Street, Bentonville, AR 72716.

6.     Defendant, Wal-Mart Stores East, Inc., is a foreign limited partnership and is a citizen of the State of Delaware, with principle office address of 702 SW 8th Street, Bentonville, AR 72716.

7.     Defendant Wal-Mart Stores, Inc., is a foreign limited partnership and is a citizen of the State of Delaware, with principle office address of 702 SW 8th Street, Bentonville, AR 72716.

8.     The Registered Agent for Defendants, Wal-Mart Stores East, L.P., Wal-Mart Real Estate Business Trust, Wal-Mart Stores East, Inc., and Wal-Mart Stores, Inc., (collectively referred to a "Wal-Mart") is CT Corporation System located at 150 West Market Street, Indianapolis, Indiana.

9.     The amount in controversy satisfies the requirement for diversity jurisdiction as it exceeds Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs, as the General Liability Coverage limit of the Property-Owners' Policy is $1,000,000 each occurrence.

10.     Pursuant to 28 U.S.C. 1391, venue is appropriate in the Southern District of Indiana, because the transaction giving rise to this case occurred in Johnson County, Indiana.

### III. ALLEGATIONS AGAINST DEFENDANTS

11.     On November 16, 2016, Debra Ashley filed a "Complaint for Damages" in the Marion Superior Court under cause number 49D01-1611-CT-039609 against Wal-Mart Stores East, L.P., Wal-Mart Real Estate Business Trust, Wal-Mart Stores East, Inc., and Wal-Mart Stores, Inc. (hereinafter "Wal-Mart Defendants") and Innovative Contracting, LLC ("Innovative"). A copy of Ashley's Complaint for Damages is attached hereto and incorporated by reference as Exhibit "A."

12.     In her Complaint for Damages, Debra Ashley alleged she was visiting a Wal-Mart store at 2125 N. Morton Street, Franklin, Johnson County, Indiana, on November 7, 2014.

13.     Debra Ashley further alleged that the Wal-Mart Defendants and Innovative allowed snow and/or ice to accumulate on the surface of the Wal-Mart parting lot, creating an unsafe environment and risk of injury and breached their duty of care to her.

14.     Debra Ashley further alleged that, as a result of the Wal-Mart Defendants and Innovative's breach of their duty of her, she slipped on the snow and/or ice that had accumulated on the surface of the Wal-Mart parking lot and suffered personal injuries.

15.     Plaintiff, Property-Owners Insurance Company ("Property-Owners"), issued a Tailored Protection Policy to Innovative Contracting, LLC (hereinafter "Innovative") under Policy No. 094602-09565265-14 as the named insured (the "Policy"). The Policy was effective from June 20, 2014 to June 20, 2015. A true and accurate copy of the Policy is attached hereto and incorporated by reference as Exhibit "B.

16.     The Policy contains the following language:

3

## COMMERCIAL GENERAL LIABILITY COVERAGE FORM

***

*The word "insured" means any person or organization qualifying as such under Section II – Who Is An Insured.*

***

## SECTION I – COVERAGES

## COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY

1.    **Insuring Agreement**

    **a.**    *We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. We may at our discretion investigate any claim or "occurrence" and settle any claim or "suit" that may result....*

(See, Exhibit B, Policy form 55300 (7-05), p. 1 of 21).

***

2.    **Exclusions**

    *This insurance does not apply to:*

***

    **b.**    **Contractual Liability**

    *"Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:*

        **(1)**    *Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement. However, if the insurance under this policy does not apply to the liability of the insured, it also does not apply to such liability assumed by the insured under an "insured contract".*

4

      **(2)**      *That the insured would have in the absence of the contract or agreement.*

(See, Exhibit B, Policy form 55300 (7-05), p. 2 of 21).

***

## SECTION II - WHO IS AN INSURED

**1.**      *If you are designated in the Declarations as:*

***

      **c.**      *A limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers.*

***

**2.**      *Each of the following is also an insured:*

      **a.**      *Your "employees", other than either your "executive officers" (if you are an organization other than a partnership, joint venture or limited liability company) or your managers (if you are a limited liability company), but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business, or your "volunteer workers" only while performing duties related to the conduct of your business. ...*

***

      **b.**      *Any person (other than your "employee" or "volunteer worker"), or any organization while acting as your real estate manager.*

      **c.**      *Any person or organization having proper temporary custody of your property if you die, ...*

***

**4.**      *Any organization you newly acquire or form, other than a partnership, joint venture or limited liability company, and over which you maintain ownership or majority interest, will qualify as a Named Insured if there is no other similar insurance available to that organization. ...*

***

*No person or organization is an insured with respect to the conduct of any current or past partnership, joint venture or limited liability company that is not shown as a Named Insured in the Declarations.*

(See, Exhibit B, Policy form 55300 (7-05), pp. 11-13 of 21).

\*\*\*

## *SECTION V – DEFINITIONS*

\*\*\*

*10.*     *"Insured contract" means:*

\*\*\*

*f.*     *That part of any other contract or agreement pertaining to your business (including an indemnification of a municipality in connection with work performed for a municipality) under which you assume the tort liability of another party to pay for "bodily injury" or "property damage" to a third person or organization. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement.*

(See, Exhibit B, Policy form 55300 (7-05), pp. 16-18 of 21).

\*\*\*

17.     None of the Wal-Mart Defendants are listed on the Policy as named insureds or as additional insureds.

18.     The Wal-Mart Defendants are not insureds on the Policy.

19.     The Policy also specifically excludes insurance coverage for sums an insured is obligated to pay as damages by reason of the assumption of liability in a contract or agreement, unless an exception to the exclusion applies.

20.     On or about December 2, 2012, Innovative and the Wal-Mart Defendants entered into a "Master Environmental Services Agreement" ("MESA"), which stated in relevant part:

9. INDEMNIFICATION

*Contractor shall at all times indemnify, defend and hold harmless Wal-Mart and any subsidiaries and affiliates, and its and their respective successors, assigns, transferees, officers, directors, agents and employees (" Indemnified Parties") against and from any and all lawsuits, claims, actions, expenses (including reasonable attorney's fees and costs), damages (including punitive, consequential, and exemplary damages), obligations, fines, personal injury (even if solely emotional in nature), death and damage to property ("Claims") to the extent arising out of or related to: (a) the acts, omissions, negligence or willful misconduct of Contractor, its employees, agents, representatives,*

6

*suppliers, or subcontractors in connection with the provision of the Services; (b)
Contractor's breach, violation or default of this Agreement; (c) any lien, security interest,
claim or encumbrance in favor of any person or entity by reason of having provided
labor, materials or equipment relating to the Services; (d) any violation of Environmental
or Immigration Laws by Contractor, its employees, agents, representatives, suppliers or
subcontractors; (e) any "release" or "threatened release" of Contaminants, wastes,
hazardous materials, oil or radioactive materials from any Wal-Mart Site as a result of
or connected with Contractor's performance of the Services, even if not discovered or
alleged until after the termination of this Agreement, except for such Claims to the extent
they arise out of the negligence or willful misconduct of the Indemnified Parties; or (f)
any liability arising from Contractor's or a third party's acts or omissions during the
collection, transportation, storage, treatment, recycling, or disposal of any Contaminant.
The provisions of this Paragraph shall survive cancellation, termination, or expiration of
this Agreement and until all matters are fully and finally barred by applicable law.*

21.     The exception to the Policy exclusion does not apply in this matter because the

"MESA" is not an "insured contract" by its own terms.

22.     Subsequent to the filing of the Complaint for Damages in Marion County, the

Wal-Mart Defendants tendered their defense to Property-Owners.

23.     Property-Owners accepted the tender, pursuant to a Reservation of Rights, and

Property-Owners retained the law firm Duffin & Hash to defend the Wal-Mart Defendants

pursuant to that Reservation of Rights.

24.     Subsequent to the appearance of Duffin & Hash on behalf of the Wal-Mart

Defendants in the Marion County action, the Wal-Mart Defendants refused to allow Property-

Owners to select defense counsel of its own choosing, seeking rather that Property-Owners allow

the Wal-Mart Defendants to obtain independent counsel at Property-Owners' expense.

25.     The Reservation of Rights, under which Property-Owners agreed to defend the

Wal-Mart Defendants, does not create any issue that would necessitate Property-Owners pay for

Wal-Mart to retain independent counsel.

26.     Property-Owners is not required to pay for the Wal-Mart Defendants to obtain

independent counsel at Property-Owners' expense.

7

WHEREFORE, Property-Owners Insurance Company, by counsel, respectfully requests the Court grant the following:

A.   Enter final judgment pursuant to the provision of Trial Rule 57 of the Federal Rules of Trial Procedure declaring that the Wal-Mart Defendants are not insureds under the Policy issued by Property-Owners Insurance Company to Innovative; or,

B.   In the alternative, enter final judgment pursuant to the provision of Trial Rule 57 of the Federal Rules of Trial Procedure declaring that Property-Owners Insurance Company has no obligation under the Policy to pay for independent counsel to defend the Wal-Mart Defendants; and,

C.   Award Property-Owners Insurance Company the cost of this action; and

D.   Provide Property-Owners Insurance Company with all other relief, just and proper in the premises.

Respectfully submitted,

STEPHEN C. WHEELER, #14991-34

SMITH FISHER MAAS HOWARD & LLOYD, PC.
7209 N. Shadeland Avenue
Indianapolis, Indiana 46250
(317) 578-1900
(317) 578-1330 fax
swheeler@smithfisher.com

8